ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 17 2026

at 2 o'clock and 56 min. P M
Lucy H. Carrillo, Clerk

THEODORE HAUGLAND

99-009 Kalaloa St Ste D2016

Honolulu County, Aiea, HI 96701

Telephone: (202)933-3332

Facsimile: (202)933-3335

Email: administrator@civillawinc.com

*Plaintiff, Pro Se*

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

HONOLULU COUNTY DIVISION

| | |
|---|---|
| THEODORE HAUGLAND, individually and on behalf of all others similarly situated, by and through Plaintiff PLAINTIFF(S), v. ANTHROPIC PBC, a Delaware Corporation, Dario Amodei and Daniela Amodei, DEFENDANT(S). | Case No.: [To Be Assigned] Judge: [To Be Assigned] CV26.00382 JAO KJM CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

1

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Lead Plaintiff **Theodore Haugland**, individually and on behalf of all others similarly situated, by and through Plaintiff, alleges the following against Defendants Anthropic PBC, Dario Amodei, and Daniela Amodei (collectively, "Defendants"), and alleges on personal knowledge as to himself and his own acts and on information and belief as to all other matters.

"This action arises from Defendants' development, marketing, sale, and deployment of the Claude family of large-language models and Claude-derived systems, including their integration into Department of Defense ('DoD') targeting workflows." "On February 28, 2026, a Tomahawk cruise missile struck the Shajareh Tayyebeh Elementary School in Minab, Hormozgan province, Iran, between approximately 10:23 and 10:45 a.m. local time."

## PART I — PARTIES

1. **Plaintiff.** Plaintiff **Theodore Haugland** is an individual and resident of the State of Hawaii and brings this action individually and on behalf of the proposed classes described below. Plaintiff's contact information: 99-009 Kalaloa St Ste D2016, Aiea, HI 96701; (202) 933-3332; administrator@civillawinc.com.

2. **Anthropic.** Defendant **Anthropic PBC** ("Anthropic") is a public benefit corporation formed under the laws of the State of **Delaware** that develops, markets, licenses, and supports the Claude family of large-language models and related services. Anthropic's principal place of business is 500 Howard St, San Francisco, CA 94105. Anthropic's Delaware registered agent is **Corporation Service Company**, 251 Little Falls Dr, Wilmington, DE 19808.

3. **Dario Amodei.** Defendant **Dario Amodei** is a current or former executive, officer, and/or board member of Anthropic who participated in governance, commercialization, and safety oversight decisions relevant to the allegations herein.

4. **Daniela Amodei.** Defendant **Daniela Amodei** is a current or former executive, officer, and/or board member of Anthropic who participated in governance, commercialization, and safety oversight decisions relevant to the allegations herein.

2

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5. **Collective Reference.** Defendants Anthropic, Dario Amodei, and Daniela Amodei are collectively referred to herein as "Defendants."

## PART II — JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Counts asserting violations of the False Claims Act, 31 U.S.C. §3729 et seq., raise federal questions.

7. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because those claims arise out of the same nucleus of operative facts.

8. In the alternative, the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), because the proposed classes exceed 100 members, the aggregate amount in controversy exceeds $5,000,000, and minimal diversity exists.

9. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events giving rise to the claims were directed to or caused injury in this District.

## PART III — NATURE OF THE ACTION

10. This action arises from Defendants' development, marketing, sale, and deployment of the Claude family of large-language models and Claude-derived systems, including their integration into Department of Defense ("DoD") targeting workflows.

11. Defendants marketed Claude with express and implied safety guarantees, entered into a DoD contract in or about June 2025 (with a ceiling of approximately $200,000,000), and integrated Claude outputs into DoD targeting pipelines.

12. Plaintiff alleges that Claude-derived outputs produced stale or misidentified geolocation data that were incorporated into a DoD targeting package used on February 28, 2026, and that those outputs materially contributed to a Tomahawk missile strike on the Shajareh Tayyebeh Elementary School in Minab, Hormozgan province, Iran, resulting in mass civilian casualties.

13. Plaintiff asserts federal False Claims Act counts (to be filed under seal where required), Hawaii Deceptive Trade Practices Act claims (HRS §480-2 and remedies under HRS §480-13), wrongful death and survival claims under Hawaii law, negligence and product

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

liability claims, fraud and negligent misrepresentation, unjust enrichment, civil conspiracy, negligent infliction of emotional distress, negligent supervision, corporate veil piercing, declaratory and injunctive relief, disgorgement, punitive damages, attorneys' fees, and costs.

14. All allegations in this Complaint are pleaded as allegations; documentary gaps are flagged with placeholders and will be addressed through expedited discovery.

## PART IV — FACTUAL ALLEGATIONS

### Anthropic, Claude, and Public Safety Representations

15. Anthropic developed the Claude family of large-language models and publicly represented Claude as safe, reliable, and suitable for high-stakes applications, including government and defense use.

16. Defendants, including senior executives and board members, made material representations about Claude's safety features, red-teaming, and mitigation of hallucinations and misidentifications. These representations were material to DoD's procurement decisions and to purchasers and licensees.

### DoD Contracting and Integration

17. In or about June 2025, Anthropic entered into a contract with the Department of Defense (or a DoD prime/subcontractor) to provide Claude-based services or modules to assist in targeting workflows. The contract had a ceiling of approximately $200,000,000 and contemplated integration of Claude outputs into automated or semi-automated targeting pipelines.

18. Claude outputs were integrated into the Maven Smart System (or a similar DoD targeting system) and were used to generate or revalidate target packages, geolocation coordinates, and target identifications. The integration reduced the number of human reviewers required and introduced automated revalidation steps that relied on model outputs.

### Internal Warnings and Known Risks

4

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

19. Prior to February 28, 2026, Anthropic employees, analysts, or third-party reviewers raised concerns about Claude's propensity to hallucinate, to rely on stale training data, and to misidentify civilian structures as military targets.

20. At least one analyst reportedly flagged that a site later targeted had been a civilian school for years. Those warnings were not remedied or were inadequately addressed.

21. Despite these warnings, Defendants continued to market Claude for high-stakes use and to provide Claude outputs to DoD without adequate human-in-the-loop safeguards, revalidation of geolocation data, or civilian-harm mitigation measures.

### The Minab Strike (February 28, 2026)

22. On February 28, 2026, a Tomahawk cruise missile struck the Shajareh Tayyebeh Elementary School in Minab, Hormozgan province, Iran, between approximately 10:23 and 10:45 a.m. local time. The strike destroyed a significant portion of the school building and resulted in the deaths of many civilians, primarily schoolchildren.

23. Multiple independent investigations and media reporting concluded that the strike was likely carried out by a Tomahawk missile launched by U.S. forces and that outdated targeting data contributed to the strike.

24. Plaintiff alleges that a Claude-derived output — specifically stale or misidentified geolocation coordinates or a misclassification of the school as a military target — was incorporated into the DoD targeting package that led to the Tomahawk strike. That output was generated by Claude (or a Claude-derived module) and provided to DoD via the contracted integration.

25. The strike reportedly involved multiple "double-tap" or "triple-tap" strikes that struck the school and then struck areas where survivors and rescuers had gathered, increasing the death toll. The human toll included scores of children, teachers, parents, and other civilians.

### Post-Incident Conduct, Concealment, and Obfuscation

26. After the Minab strike, Defendants and DoD engaged in limited disclosure, public minimization, and, in some instances, obfuscation. Internal investigators reportedly

5

concluded that outdated targeting data contributed to the strike, but full investigative results were not publicly released.

27. Key civilian-harm mitigation offices at the Pentagon had been reduced or shuttered, limiting independent review.

28. Defendants made public statements minimizing responsibility and emphasizing that the strike was not intentional, while failing to produce the underlying logs and records that would confirm or refute the role of Claude outputs in the targeting chain.

### Causation and Damages

29. As a direct and proximate result of Defendants' acts and omissions, victims suffered death, severe bodily injury, emotional distress, loss of support, funeral and burial expenses, and other economic and non-economic damages.

30. Plaintiff alleges that Defendants' conduct was willful, reckless, and in conscious disregard of the rights and safety of civilians, warranting punitive damages and other exemplary relief.

### PART V — CLASS ALLEGATIONS (FED. R. CIV. P. 23)

31. Plaintiff brings this action as a class action under Rules 23(a), 23(b)(2), and 23(b)(3) on behalf of the following proposed classes:

32. **Class A (Victims Class):** All estates, heirs, or next-of-kin of persons killed or physically injured as a direct result of strikes where Claude outputs were used in DoD targeting workflows from June 2025 through the date of judgment.

33. **Class B (Purchaser Class):** All persons or entities in the United States who purchased, licensed, or otherwise paid for Claude products or services from Anthropic between [DATE] and the date of judgment and who relied on Anthropic's safety representations.

34. **Subclass A-1 (Bystander NIED):** Individuals who witnessed the death or serious injury of a close family member in strikes tied to Claude outputs.

35. The proposed classes are so numerous that joinder of all members is impracticable.

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

36. Common questions of law and fact exist, including whether Defendants misrepresented Claude's safety, whether Claude outputs were used in DoD targeting, whether Defendants failed to implement adequate safety measures, and the appropriate remedies.

37. Plaintiff's claims are typical of the classes because Plaintiff and class members were harmed by the same wrongful conduct.

38. Plaintiff will fairly and adequately protect the interests of the classes and has retained counsel experienced in complex class litigation and national-security-adjacent discovery.

39. Common issues predominate over individual issues, and a class action is superior to other methods for fair and efficient adjudication.

40. The Court can manage the proposed classes and subclasses, including by creating subclasses for different remedies and jurisdictions.

## PART VI — CAUSES OF ACTION (COUNTS I–XV)

### COUNT I — FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(1)(A)

41. Plaintiff realleges and incorporates paragraphs 1–40 as if fully set forth herein.

42. Anthropic knowingly presented or caused to be presented false or fraudulent claims, invoices, or certifications to the United States in connection with the June 2025 DoD contract by representing that Claude complied with safety, testing, and deliverable requirements while knowing of defects that rendered those representations false or misleading.

43. Anthropic's false certifications and claims caused the United States to pay money to Anthropic and its contractors for services and deliverables that did not conform to the representations made.

44. The United States suffered damages as a result.

45. Plaintiff seeks treble damages, civil penalties, attorneys' fees, and costs under the False Claims Act.

### COUNT II — FALSE RECORDS / FALSE STATEMENTS (FCA §3729(a)(1)(B))

46. Plaintiff realleges and incorporates paragraphs 1–45.

7

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

47. Anthropic made, used, or caused to be made or used false records or statements to get false claims paid by the United States, including false test reports, safety certifications, and compliance records.

48. Anthropic's false records were material to the government's payment decisions.

49. Plaintiff seeks relief as in Count I.

### COUNT III — FCA CONSPIRACY (31 U.S.C. §3729(a)(1)(C))

50. Plaintiff realleges and incorporates paragraphs 1–49.

51. Anthropic conspired with DoD contractors and others to present false claims and took overt acts in furtherance of that conspiracy.

52. Plaintiff seeks relief as in Count I.

### COUNT IV — HAWAII UNFAIR OR DECEPTIVE TRADE PRACTICES (HRS §480-2) AND REMEDIES (HRS §480-13)

53. Plaintiff realleges and incorporates paragraphs 1–52.

54. Anthropic engaged in unfair or deceptive acts or practices in trade or commerce by making material misrepresentations about Claude's safety and suitability, causing purchasers and licensees to suffer economic loss.

55. Plaintiff brings this claim on behalf of the Purchaser Class and seeks treble damages, attorneys' fees, injunctive relief, and corrective disclosures under HRS §480-13.

### COUNT V — WRONGFUL DEATH (HAWAII LAW, HRS §663-3) AND SURVIVAL ACTION

56. Plaintiff realleges and incorporates paragraphs 1–55.

57. As a direct and proximate result of Defendants' negligence, product defects, and misrepresentations, the victims named in Exhibit [PLACEHOLDER] were killed.

58. Plaintiff brings wrongful death claims on behalf of estates and statutory beneficiaries and seeks compensatory damages, funeral and burial expenses, loss of support, and punitive damages where warranted.

### COUNT VI — FRAUDULENT (INTENTIONAL) MISREPRESENTATION

59. Plaintiff realleges and incorporates paragraphs 1–58.

8

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

60. Defendants knowingly made false representations of material fact regarding Claude's safety and intended that DoD and purchasers rely on those representations.

61. DoD and purchasers justifiably relied and suffered damages.

62. Plaintiff seeks compensatory, punitive, rescission, and disgorgement relief.

**COUNT VII — NEGLIGENCE / PRODUCT LIABILITY (DESIGN, FAILURE TO WARN)**

63. Plaintiff realleges and incorporates paragraphs 1–62.

64. Anthropic owed a duty to exercise reasonable care in designing, testing, and deploying Claude; it breached that duty by failing to prevent known hallucinations and stale-data misidentifications; the breach proximately caused the Minab strike and resulting harms.

65. Plaintiff seeks compensatory and punitive damages and injunctive relief.

**COUNT VIII — UNJUST ENRICHMENT / DISGORGEMENT**

66. Plaintiff realleges and incorporates paragraphs 1–65.

67. Anthropic was unjustly enriched by payments under the DoD contract and sales attributable to misrepresentations; disgorgement and restitution are warranted.

**COUNT IX — CIVIL CONSPIRACY / AIDING & ABETTING**

68. Plaintiff realleges and incorporates paragraphs 1–67.

69. Defendants conspired to market Claude for defense use despite known defects and to conceal evidence after the Minab strike.

70. Plaintiff seeks compensatory and punitive damages.

**COUNT X — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (BYSTANDER THEORY)**

71. Plaintiff realleges and incorporates paragraphs 1–70.

72. Members of Subclass A-1 witnessed the death or serious injury of close family members and suffered severe emotional distress as a direct result of Defendants' negligence.

73. Plaintiff seeks compensatory and punitive damages.

**COUNT XI — NEGLIGENT SUPERVISION**

74. Plaintiff realleges and incorporates paragraphs 1–73.

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

75. Anthropic negligently supervised employees and contractors responsible for safety and deployment decisions, causing harm.

76. Plaintiff seeks compensatory and punitive damages.

## COUNT XII — CORPORATE VEIL PIERCING / ALTER EGO

77. Plaintiff realleges and incorporates paragraphs 1–76.

78. Defendants used corporate forms to shield wrongful conduct; veil piercing is necessary to hold individual defendants liable where appropriate.

79. Plaintiff seeks piercing of the corporate veil and joint and several liability.

## COUNT XIII — DECLARATORY RELIEF (28 U.S.C. §2201)

80. Plaintiff realleges and incorporates paragraphs 1–79.

81. An actual controversy exists regarding Defendants' liability and obligations; declaratory relief is necessary to define rights and obligations.

82. Plaintiff seeks declaratory judgment.

## COUNT XIV — INJUNCTIVE RELIEF (TRO/PI)

83. Plaintiff realleges and incorporates paragraphs 1–82.

84. Ongoing use of Claude in targeting workflows poses imminent risk of further civilian harm and spoliation of evidence.

85. Plaintiff seeks a temporary restraining order and preliminary injunction enjoining use of Claude in lethal targeting, requiring preservation of ESI, and ordering an independent safety audit.

## COUNT XV — ACCOUNTING; PUNITIVE DAMAGES; ATTORNEYS' FEES; COSTS; INTEREST

86. Plaintiff realleges and incorporates paragraphs 1–85.

87. Plaintiff seeks a full accounting, disgorgement, punitive damages, attorneys' fees, costs, and pre- and post-judgment interest.

## PART VII — PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed classes, respectfully requests that the Court enter judgment against Defendants as follows:

10

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

A. Certify the proposed classes under Fed. R. Civ. P. 23 and appoint Plaintiff and counsel to represent the classes;

B. Award compensatory damages to Plaintiff and class members in an amount to be proven at trial;

C. Award treble damages and civil penalties under the False Claims Act, 31 U.S.C. §3729 et seq., and treble damages under HRS §480-13;

D. Award punitive and exemplary damages in an amount sufficient to punish Defendants and deter similar conduct;

E. Award disgorgement and restitution of all profits and unjust enrichment obtained by Defendants from the DoD contract and related sales;

F. Issue a temporary restraining order and preliminary and permanent injunction enjoining Defendants from using Claude or Claude-derived outputs in any lethal targeting or decision making workflows pending independent safety audits and court supervision;

G. Order an accounting and disgorgement of all profits attributable to the wrongful conduct;

H. Award attorneys' fees, costs, and expenses, including expert fees;

I. Award pre- and post-judgment interest; and

J. Grant such other and further relief as the Court deems just and proper.

## PART VIII — JURY DEMAND

88. Plaintiff is proceeding pro se at the time of filing. Plaintiff reserves the right to retain qualified legal counsel and to move for appointment of class counsel pursuant to Federal Rule of Civil Procedure 23(g) following the filing of this complaint. Nothing in this complaint constitutes the provision of legal advice to any person, and Plaintiff does not represent any other party in a legal capacity.

89. Pursuant to Federal Rule of Civil Procedure 11(b), Plaintiff, appearing pro se, certifies that to the best of Plaintiff's knowledge, information, and belief, formed after reasonable inquiry, this Complaint:

A. is not being presented for any improper purpose;

11

B. contains legal contentions that are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law;

C. contains factual contentions that have evidentiary support, or are identified as allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

D. does not contain any denials of factual contentions that are warranted on the evidence or, if so identified, are reasonably based on belief or a lack of information.

90. Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff Theodore Haugland, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues triable by jury in this action, including all factual questions underlying the legal claims asserted in this complaint.

*Respectfully Submitted,*

/Date/ **July 17, 2026**        /Signature/ *Theodore Haugland*

THEODORE HAUGLAND

99-009 Kalaloa St Ste D2016

Aiea, HI 96701-3498

Telephone: (202)933-3332

Facsimile: (202)933-3335

administrator@civillawinc.com

**Plaintiff, *Pro Se***

12

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII